IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| MITSUBISHI MOTORS CREDIT OF AMERICA, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 7:09-603-HMH |
| PAUL M. GIBSON; SUSAN E. BEASLEY, AS TRUSTEE OF THE SUSAN E. BEASLEY REVOCABLE TRUST; and THE SUSAN E. BEASLEY REVOCABLE TRUST, | ) ) ) ) ) ) | **OPINION & ORDER** |
| Defendants. | ) ) | |

This matter is before the court on Plaintiff's motion for entry of default judgment against Defendant Paul M. Gibson ("Gibson"). Upon consideration of the record, this court finds as follows:

1. Gibson was personally served with the summons and complaint on March 11, 2009.

2. Gibson is in default after failing to answer or otherwise respond to the complaint within twenty (20) days after being served and after the time allowed in an extension granted by Plaintiff.

3. Gibson has not moved to open the default.

4. The well-pleaded allegations of fact in Plaintiff's complaint, which show that Gibson has breached his contractual obligations to Plaintiff, are deemed admitted by Gibson's default. Ryan v. Homecomings Fin. Network, 253 F.3d 778, 780 (4th Cir. 2001).

5. The amount of Plaintiff's damages is not readily ascertainable from the complaint.

6. Plaintiff has submitted the declaration of Jason E. Boyd, which establishes that Plaintiff's damages are $1,831,712.06 in principal; $280,285.36 in prejudgment interest through May 7, 2009; $256.55 per day in prejudgment interest from May 7, 2009 until the entry of judgment; and $121,244.44 in attorneys' fees through March 31, 2009.

7. Without reason for delay, the clerk is directed to enter judgment against Gibson.

Based upon the foregoing findings, it is therefore

**ORDERED** that judgment be entered in favor of Plaintiff and against Gibson as follows:

(a)     $1,831,712.06 in principal;

(b)     $280,285.36 in prejudgment interest through May 7, 2009;

(c)     $256.55 per day in prejudgment interest from May 7, 2009 until the entry of judgment; and

(d)     $121,244.44 in attorneys' fees through March 31, 2009.

It is further

**ORDERED** that Plaintiff is entitled to the costs of this action.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

June 5, 2009
Greenville, South Carolina